

**Dominik Rostocki, Esquire**                                    Attorney for Plaintiff
**Attorney I.D. No. 209179**
**1835 Market Street, Suite 2626**
**Philadelphia, PA 19103**
**Phone:       215-575-7624**
**Fax:           267-339-3388**
**www.Rostocki.com**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELZBIETA BARAN<br>170 Woods Crossing<br>Saylorsburg, PA 18353<br>     Plaintiff | :<br>:<br>:<br>:<br>: | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| ZALOUMIS CONTRACTING<br>SERVICE, INC.<br>315 Riggs Street, Building A, Suite 6<br>Oxford, CT 06478<br>     and<br>ERICK GUADALUPE<br>1000 Grand Concourse, Apt. 6K<br>Bronx, NY 10451<br>     Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Elzbieta Baran, by and through her attorneys, THE ROSTOCKI LAW FIRM, L.L.C., hereby files suit in the United States District Court, Middle District of Pennsylvania, against the above-named Defendants, and alleges the following in support:

**I.      JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the amount in controversy exceeds $75,000 and the parties are citizens of diverse states.

1

2. This Court has personal jurisdiction over the parties pursuant to the Pennsylvania Long-Arm Statute (42 Pa.C.S.A. § 5322(a)(3)), and because the parties have the requisite minimum contacts with Pennsylvania, which minimum contacts gave rise to this cause of action.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1) because all Defendants are residents and citizens of the Middle District of Pennsylvania.

II. **THE PARTIES**

4. Plaintiff Elzbieta Baran (hereinafter, "Ms. Baran" and/or "Plaintiff") is a citizen of the State of Pennsylvania, residing at 170 Woods Crossing, Saylorsburg, Pennsylvania.

5. Defendant Zaloumis Contracting Service (hereinafter, "Defendant Zaloumis") is a corporation incorporated in the State of Connecticut with a registered office and principal place of business located at 315 Riggs Street, Building A, Suite 6 in Oxford, Connecticut.

6. Defendant Erick Guadalupe (hereinafter, "Defendant Guadalupe") is a citizen of the State of New York, residing at 1000 Grand Concourse, Apartment 6K, in Bronx, New York.

7. At all relevant times, upon information and belief, Defendant Guadalupe was an employee, agent, servant, and/or contractor controlled by Defendant Zaloumis, acting within the course and scope of his authority and duties.

8. Defendant Guadalupe and Defendant Zaloumis are collectively referred to herein as "Defendants."

### III. FACTUAL BACKGROUND

9. Plaintiff incorporates all above Paragraphs.

10. At all relevant times, Defendants acted and/or failed to act through their agents, employees, and/or contractors, all of whom were acting with the scope of their authority.

11. At all relevant times, Defendants jointly and/or severally owned, leased, operated, controlled, maintained, possessed, and/or were responsible for the inspection, maintenance, and care of a white 2017 Nissan N20 vehicle, Connecticut plate number AB12622, VIN 3N6CM0KN0HK714271 (hereinafter, "Defendants' vehicle").

12. On June 1, 2020 (the "relevant date"), Ms. Baran was travelling westbound on Interstate 80 West in Monroe County, Pennsylvania, driving in the right lane.

13. Interstate 80 West in that area had two lanes of traffic traveling in each direction.

14. The posted speed limit in that area was 55 mph.

15. On the relevant date, Defendant Guadalupe was operating the Defendants' vehicle some distance behind Ms. Baran, in the right lane, at a much higher rate of speed.

16. At some point, Defendant Guadalupe caught up with Ms. Baran and tailgated her in the right lane at highway speeds for some time.

17. At some point, in an aggressive attempt to pass Ms. Baran's vehicle, Defendant Guadalupe dangerously swerved to the left at a high rate of speed.

18. As he dangerously attempted to swerve around Ms. Baran's vehicle, Defendants' vehicle struck the rear driver's-side of Ms. Baran's vehicle with significant force, causing it to turn, skid, and crash into the concrete barrier on the right shoulder of the road with significant force, destroying both vehicles.  <u>See</u> Figures 1 and 2, below.

3

 

**Fig. 1 – Heavy Damage to Both Vehicles**　　　**Fig. 2 – The Crash Forced Closure of I-80W**

19. The crash was so severe that it forced the closure of I-80 West for approximately thirty minutes. See Fig. 2, above.

20. If the concrete barrier had not existed, Ms. Baran's vehicle would have spun off of the highway and fallen a significant distance into a ravine.

21. At all relevant times, Defendant Guadalupe was driving too closely for the existing conditions.

22. At all relevant times, Defendant Guadalupe was driving too fast for the existing conditions.

23. Defendant Guadalupe was cited on scene by the Pennsylvania State Police for following Ms. Baran's vehicle too closely, violating 75 Pa.C.S. 3310.

24. The Police investigation found that Defendant Guadalupe violated 75 Pa.C.S. 3309(1) (driving within a single lane).

25. The Police investigation also found that Defendant Guadalupe was tailgating on the highway at a high rate of speed while Ms. Baran was operating her vehicle in the right "slow" lane, and then "attempted to change lanes carelessly and struck" Ms. Baran, causing the crash.

26. As a result of the crash, Plaintiff sustained serious, debilitating, and permanent injuries and has been forced to expend significant amounts in medical and other costs and will be forced to expend further amounts in the future.

IV. **COUNT I – NEGLIGENCE *PER SE***

27. Plaintiff incorporates all above Paragraphs.

28. The Pennsylvania Vehicle Code provides that

> [a] vehicle shall be driven as nearly as practicable **entirely within a single lane** and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S. §3309(1) (emphasis added).

29. Defendants' actions and inactions constituted violations of the Pennsylvania Vehicle Code at 75 Pa.C.S. §3309, among other statutes.

30. The Pennsylvania Vehicle Code also provides that

> [t]he driver of a motor vehicle **shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic** upon and the condition of the highway.

75 Pa.C.S. §3310(a) (emphasis added).

31. Defendants' actions and inactions constituted violations of the Pennsylvania Vehicle Code at 75 Pa.C.S. §3361, among other statutes.

32. The Pennsylvania Vehicle Code also provides that

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then

5

existing, nor at a **speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.**

75 Pa C.S. §3361 (emphasis added).

33. Defendants' actions and inactions constituted violations of the Pennsylvania Vehicle Code at 75 Pa.C.S. §3361, among other statutes.

34. The Pennsylvania Vehicle Code also provides that

> [t]he driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left of the other vehicle **at a safe distance and shall stay to the left of the other vehicle until safely clear of the overtaken vehicle**.

75 Pa C.S. §3303 (emphasis added).

35. Defendants' actions and inactions constituted violations of the Pennsylvania Vehicle Code at 75 Pa.C.S. §3303, among other statutes.

36. The purpose of 75 Pa. C.S. §§3303, 3309, 3310 and 3361 is to protect health and safety of Pennsylvania drivers like Ms. Baran individually.

37. As a proximate and factual cause of Defendants' violations of the Pennsylvania Vehicle Code, Plaintiff has been forced to expend significant sums of money for medical care, and other expenses.

38. But for Defendants' violations of the Pennsylvania Vehicle Code, Plaintiff would not have suffered injuries and/or damages.

39. In the alternative, but for Defendants' violations of the Pennsylvania Vehicle Code, Plaintiff's injuries and damages would not be as severe.

40. Therefore, Defendants' actions and inactions constituted negligence *per se*.

WHEREFORE, Plaintiff demands judgment against Defendants in a sum exceeding the arbitration limit of $150,000, along with punitive damages, interest, costs, and any other relief this Court deems appropriate

6

V.  COUNT II – NEGLIGENCE

41. Plaintiff incorporates all above Paragraphs.

42. At all relevant times, Defendants had a duty to Plaintiff and all other drivers on the road to operate Defendants' vehicle in a safe and reasonable manner.

43. At all relevant times, Defendants had a duty to Plaintiff and all other drivers to obey traffic and motor vehicle laws.

44. Defendants had a duty to keep Defendants' vehicle under control.

45. Defendants had a duty to keep and maintain Defendants' vehicle in a safe and drivable condition.

46. Defendants had a duty to inspect Defendants' vehicle prior to operating it or allowing it on the road to ensure that it was not a danger to the operator, passengers, or others on the road.

47. Defendants had a duty to stay alert and attentive to the circumstances at all relevant times.

48. Defendants had a duty to hire and retain competent and qualified agents and employees, including drivers.

49. Defendants had a duty to properly train and supervise their employees, including drivers like Defendant Guadalupe.

50. Defendants had a duty to formulate, adopt, and enforce adequate rules and policies to ensure safe operation of their vehicles on Pennsylvania roads.

51. Defendants had a duty to keep a safe and assured clear distance and speed while driving behind and/or passing other vehicles.

52. Defendants failed in these duties and were negligent by:

a. Operating Defendants' vehicle in in a careless, reckless, and negligent manner;

b. Operating Defendants' vehicle at an excessive rate of speed;

c. Failing to maintain an assured clear distance ahead;

d. Not having Defendants' vehicle under the proper control so as to stop the vehicle safely;

e. Operating Defendants' vehicle without due regard to the rights, safety, and position of Plaintiff and all other drivers and passengers on the road;

f. Failing to have Defendants' vehicle under the proper control so as to prevent the vehicle from striking Plaintiff's vehicle;

g. Failing to keep a proper lookout;

h. Failing to use due care under the circumstances;

i. Failing to take evasive action in order to avoid impacting Plaintiff's vehicle;

j. Failing to apply the brakes in sufficient time to avoid striking Plaintiff's vehicle;

k. Failing to maintain the vehicle in a safe condition;

l. Failing to hire and retain competent and competent and qualified employees and/or drivers;

m. Failing to properly train and/or supervise their employees, including drivers like Defendant Guadalupe;

n. Failing to formulate, adopt, and enforce adequate rules and policies to ensure safe operation of their vehicles

o. Operating Defendants' vehicle in disregard of the rules of the road, the applicable ordinances, and the laws of the Commonwealth of Pennsylvania; and

p. Being otherwise negligent.

53. At all relevant times, Plaintiff was not negligent in any way.

54. At all relevant times, Plaintiff acted with due care.

55. As a factual and proximate result of the Defendants' negligence, Plaintiff sustained painful and debilitating injuries, and an interruption of her daily habits and pursuits, to her detriment and loss.

56. As a factual and proximate result of Defendants' negligence, Plaintiff has been forced to spend significant sums of money for her medical care and other expenses.

57. But for Defendants' negligence, Plaintiff would not have suffered injury or financial losses.

58. In the alternative, but for Defendants' negligence, the severity of Plaintiff's injuries and financial losses would not have been as severe.

WHEREFORE, Plaintiff demands judgment against Defendants in a sum exceeding the arbitration limit of $150,000, along with punitive damages, interest, costs, and any other relief this Court deems appropriate.

## VI.    COUNT III – NEGLIGENT ENTRUSTMENT

59. Plaintiff incorporates all above Paragraphs.

60. At all relevant times, Defendant Zaloumis was an owner of Defendants' vehicle and had the right to permit and the power to prohibit the use of the vehicle.

61. At all relevant times, Defendant Zaloumis knew, or should have known, that Defendant Guadalupe intended, or was likely, to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

62. Defendant Guadalupe did use the vehicle in a manner that created an unreasonable risk of harm to Plaintiff.

9

63. As a proximate and factual result of Defendant Zaloumis' negligent entrustment, Plaintiff sustained serious and debilitating injuries.

64. As a proximate and factual cause of Defendant Zaloumis' negligent entrustment, Plaintiff has been forced to expend significant sums of money for their medical care, and other expenses.

65. But for Defendant Zaloumis's negligent entrustment, Plaintiff would not have suffered injuries and/or damages.

66. In the alternative, but for Defendant Zaloumis' negligent entrustment, Plaintiff's injuries would not be as severe.

WHEREFORE, Plaintiff demands judgment against Defendants in a sum exceeding the arbitration limit of $150,000, along with punitive damages, interest, costs, and any other relief this Court deems appropriate.

Respectfully submitted,

BY: _____
Dominik Rostocki, Esquire
**THE ROSTOCKI LAW FIRM, L.L.C.**
Attorney for the Plaintiff

DATE:    May 9, 2022